IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO MITCHELL, #R68803, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 11-cv-368-JPG |
| OFFICER NUTALL and OFFICER GRIFFIN, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Lorenzo Mitchell, an inmate at Lawrence Correctional Center in Sumner, Illinois, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving two consecutive nine year sentences for convictions of Aggravated Battery of a Child/Bodily Harm, imposed on July 23, 2009. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

Plaintiff's complaint names Officer Nutall and Officer Griffin, correctional officers employed at Lawrence Correctional Center, whom Plaintiff claims each violated his constitutional rights.

Plaintiff states that on July 21, 2010, Officer Nutall verbally threatened him. Subsequently, on September 11, 2010, Officer Nutall, through verbal statements, gave Plaintiff

reason to believe his food had been tainted.  Plaintiff additionally claims that on December 20, 2010, Officer Nutall assaulted him by hitting him with a door as Plaintiff was exiting the gymnasium and thereby caused him injury.

As to Officer Griffin, Plaintiff states that on March 6, 2011, Officer Griffin executed a shakedown of Plaintiff's cell, and Plaintiff, who remained asleep in his bunk, suffered injuries when Griffin pulled the mattress, causing him to fall to the bottom bunk.  Plaintiff claims Officer Griffin threatened to kill Plaintiff if he told anyone of the incident.  Plaintiff therefore requests protective custody.

Plaintiff claims to have filed grievances with the Illinois Department of Corrections ("IDOC) concerning these matters.  He attaches six responses from the IDOC, only two of which pertain directly to his pleadings.  The IDOC Administrative Review Board denied both grievances.

Plaintiff requests that $300,000 be awarded him for pain and suffering and that he be moved to a safer environment.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count One - Officer Nutall**

Plaintiff complains of three separate occasions on which Officer Nutall allegedly used threatening language: on or about July 21, 2010, presumably, upon Plaintiff's arrival at

Lawrence; next, in the cafeteria line on September 11, 2010; and, finally, near the gymnasium exit on December 20, 2010. As to the final incident, Plaintiff alleges that Defendant Nutall's remarks were accompanied by Nutall assaulting him with the gym door as Plaintiff exited.

Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). *See also Antoine v. Uchtman*, 275 F. App'x 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language."). Thus, Defendant Nutall's verbal statements, even if harassing in tone, do not rise to the level of a constitutional violation.

Similarly [n]ot every push or shove, even, if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights. *See Hudson v. McMillian*, 503 U.S. 1, (1992) (quoting *Johnson v. Glick* 481 F.2d 1028). The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). However, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore

discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001); *Dewalt*, 224. F.3d at 620 (incidental bumping not enough to meet the constitutional threshold for excessive force) *Lunsford v. Bennett*; 17 F.3d 1574, 1582 (7th Cir. 1994) (finding that de minimis force was used when prison guard caused bucket to hit prisoner on the head).

Plaintiff's isolated incident of being hit by an exit door does not meet the standard for cruel and unusual punishment. Thus, Plaintiff's claims against Defendant Nutall shall be dismissed without prejudice.

**Count Two - Officer Griffin**

As to Plaintiff's remaining allegation, he states that Defendant Griffin entered his cell, announced that a "shakedown" or, cell search, was taking place, and when Plaintiff did not arise from his bunk, pulled the mattress, causing Plaintiff to fall and injure himself. Plaintiff states that Officer Griffin announced the shakedown, but also asserts that he did not hear the announcement because he continued to sleep after Griffin entered the cell. Accepting Plaintiff's version of the facts, Plaintiff must nevertheless demonstrate that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Plaintiff alleges serious injuries and states that he has filed several grievances abut the matter. As Plaintiff's exhibits offer no insight into the circumstances, and accepting as

accurate Plaintiff's assertions, we must then look to the state of mind of Officer Griffin.  Even objectively serious injuries suffered by prisoners, without the requisite mens rea on the part of prison officials, will not comprise a constitutional injury. *See Wilson v. Seiter*, 501 U.S. 294, 295 (1911).

In *Wilson,* the Supreme Court explained that, in order for a constitutional violation to exist, a plaintiff in a § 1983 action must establish that prison officials acted wantonly or, stated another way "maliciously and sadistically for the very purpose of causing harm." *Id. at* 296-297 (1991).  Indeed, "negligence or even gross negligence is not enough; rather the plaintiffs must show actual intent or deliberate indifference on the part of state actors in order to make out an eighth amendment claim." *James v. Milwaukee Co.*, 956 F.2d 696, 699 (7th Cir .1992) (emphasis in original); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (same); *Delgado-Brunet v. Clark*, 93 F.3d 339, 345 (7th Cir. 1996).

Plaintiff's statements that a shakedown was occurring, that Defendant Griffin announced it, and that he remained in his bunk after the shakedown commenced do not establish that Defendant Griffin acted wantonly when he pulled Plaintiff's mattress.  Nor has Plaintiff made any assertions showing his ensuing fall was due to malicious or sadistic intent on the part of Griffin.  Defendant Griffin's actions do not meet the threshold requirements of an Eighth Amendment claim.

Therefore, Plaintiff has failed to state any claim upon which relief may be granted and this case shall be dismissed without prejudice.

**Pending Motions**

Because this action shall be dismissed, the pending motion for counsel and for status

(Doc. 12) is **DENIED AS MOOT.**

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and this case is **DISMISSED** without prejudice as to both Defendants.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   March 21, 2012

    *s/J. Phil Gilbert*
**United States District Judge**